[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Appeal from an assessment of damages in the amount of $36,425 made by the defendant Commissioner of Transportation in respect to the partial taking of the plaintiffs' land situated on the east side of Long Hill Road in the town of South Windsor and more particularly shown on a map entitled "Town of South Windsor map showing land acquired from Maynard W. Briggs et al by the State of Connecticut Interstate Route 291 (Limited Access Highway) Scale 1" = 40' May 1, 1990 Robert W. Gubala Transportation Chief Engineer — Bureau of Highways." The parties stipulated that the date of taking was July 11, 1991, the deposit of $36,425 had been paid and that they waived the viewing of the subject property.
The subject property consists of a parcel of land containing 2.531 acres with a frontage of 235.38 feet on the east side of Long Hill Road. The land is at street grade and has a gently rolling topography. The land is located in a rural residential zone to a depth of 250 feet and an industrial zone beyond 250 feet. There are five sugar maple trees on the property and these contribute substantially to the valuation of the property.
The land is improved by a single family residence containing a gross living area of 1,818 square feet and four outbuildings. The dwelling which was originally built in 1870 was remodeled in 1969. The highest and best use of the property is for a continuation of its present use as a single family dwelling.
Peter Marsele, a qualified real estate appraiser, testified as an expert witness on behalf of the plaintiffs. Using the market approach to valuation he opined that the before value of the property is $240,000, the after value $135,000 and the damages $105,000.
Brian Marchi an employee of the department of CT Page 3409 transportation and a qualified real estate appraiser testified as an expert witness on behalf of the defendant commissioner. It was his opinion that the before value of the subject property is $198,000, the after value $154,000 and the damages $42,000 to which he added $420 for the temporary rights.
Having considered the various exhibits and giving due consideration to the reports and testimony of the several experts and to my own knowledge of the elements that establish fair market value I find the before value of the subject property to be $225,000, the after value $154,000 and the damages $71,000.
Accordingly, judgment may enter for the plaintiffs in the amount of $71,000 less the amount of $36,425 already paid or an excess of $34,575 with interest on such excess from the date of the taking to the date of payment together with costs and an appraisal fee of $1,000.
Leo Parskey State Trial Referee